**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000496
25-OCT-2016
08:02 AM**

NO. CAAP-15-0000496

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ARWIN ECHINEQUE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-1672)

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant Arwin Echineque (**Echineque**) filed, pro se, two notices of appeal in this case following his conviction in the Circuit Court of the First Circuit[1] (**circuit court**). Although not stated in his notices of appeal, Echineque appears to appeal from the Judgment of Conviction and Sentence entered on June 2, 2015 in the circuit court, in which Echineque was convicted of assault in the third degree under Hawaii Revised Statutes (**HRS**) § 707-712(1)(a) (2014 Repl.).[2]

On appeal, Echineque contends the circuit court erred "by conducting a colloquy that was inadequate to determine whether Echineque was voluntarily, knowingly, and intelligently waiving his right to a jury trial."

---

[1] The Honorable Dean E. Ochiai presided.

[2] HRS § 707-712 provides, in pertinent part:

> **§707-712 Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:
>
> > (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

## I.   BACKGROUND

On October 21, 2014, Echineque was indicted for assault in the first degree in violation of HRS § 707-710 (2014 Repl.).[3]

On February 2, 2015, Echineque submitted a signed written waiver of his right to a trial by jury to the circuit court.

The circuit court held a trial on February 27, 2015. Before the trial began, Echineque confirmed that he had previously waived his right to a jury trial.  The circuit court asked Echineque:

BY THE COURT:

Q   Mr. is it Echineque?

A   Yes, sir.

Q   Okay.  You understand that you are here for a jury-waived trial, in other words, no jury for this trial, just the judge?

Do you understand this?

A   Yes, your Honor.

Q   Okay.  And you previously waived your right to a jury trial, meaning, you decided that you'd rather have a judge only try this case than have the matter tried before a jury; correct?

A   That's correct, your Honor.

Q   And that's what you want to do?

A   Yes, your Honor.

Q   Okay. . . .

* * *

Q   All right.  Mr. Echineque, I have before me a waiver of trial by jury form which appears to have your signature and that of your attorney.  It is dated February 2, 2015.

Did you sign this form?

A   Yes, I did, your Honor.

Q   Okay.  And have you waived your right to a trial by jury and consent to a trial by a court only without a jury?

A   Yes, I have, your Honor.

---

[3] HRS § 707-710(1) provides, "A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person."

Q    Okay. And before making your decision, did you have the benefit of speaking to your attorney so that you understand everything with regard to waiving your right to a jury trial?

A    Yes, I have.

Q    Okay. Now, you understand that the Constitution of the State of Hawaii and the United States provides that you have an absolute right [to] a jury trial if you want one?

You understand this; right?

A    Yes, sir.

Q    Okay. Now, you also have the right to decide, and it is your right only -- the State doesn't have this right -- to have this trial decided by a judge only.

You understand this?

A    Yes, your Honor.

Q    Okay. And after speaking to your attorney and seeking his advice and counsel, did anyone force you or promise you anything to waive your right to a jury trial?

A    No, your Honor.

Q    Okay. Did you make that decision freely, voluntarily, and understanding what it is that you are doing?

A    Yes, I have, your Honor.

Q    And are you and your attorney in agreement with this decision?

A    Yes, we are, your Honor.

Q    Okay. Do you want to proceed at this time without a jury?

A    Yes, I do, your Honor.

Q    Okay. Then the Court is satisfied that you have had the benefit of competent trial counsel, and that you have freely, voluntarily, and knowingly elected to proceed by a trial with a judge only and no jury. Okay. The Court will accept that.

The circuit court announced its verdict on March 20, 2015, finding Echineque guilty of assault in the third degree as a lesser included offense of assault in the first degree. The circuit court entered its Judgment of Conviction and Sentence on June 2, 2015.

Echineque submitted a notice of appeal on July 1, 2015, titled, "Appeal Pursuant Under HRPP Rule 40. Claiming Insufficient Evidence." Echineque filed a second notice of

appeal in this case on July 2, 2015 with the same title.  We construe Echineque's appeal as a direct appeal from the Judgment of Conviction and Sentence, rather than as a collateral appeal under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40.

## II.  STANDARD OF REVIEW

"The validity of a criminal defendant's waiver of his or her right to a jury trial presents a question of state and federal constitutional law."  State v. Friedman, 93 Hawai'i 63, 67, 996 P.2d 268, 272 (2000).  "We answer questions of constitutional law by exercising our own independent judgment based on the facts of the case[.]"  State v. Viglielmo, 105 Hawai'i 197, 203, 95 P.3d 952, 958 (2004) (internal quotation marks omitted) (quoting State v. Kaua, 102 Hawai'i 1, 7, 72 P.3d 473, 479 (2003)).  "[Q]uestions of constitutional law are reviewed on appeal under the right/wrong standard."  Viglielmo, 105 Hawai'i at 203, 95 P.3d at 958 (internal quotation marks omitted) (quoting Kaua, 102 Hawai'i at 7, 72 P.3d at 479).

## III.  DISCUSSION

"A defendant may, orally or in writing, voluntarily waive his or her right to a trial by jury."[4]  Friedman, 93 Hawai'i at 68, 996 P.2d at 273 (citing State v. Ibuos, 75 Haw. 118, 121, 857 P.2d 576, 578 (1993)); see HRPP Rule 23(a) ("Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial with the approval of the court.  The waiver shall be either by written consent filed in court or by oral consent in open court entered on the record.").  "For a valid waiver of the right to a jury trial, the trial court has a

---

[4] Assault in the first degree is a class B felony.  HRS § 707-710(2).  Class B felonies carry maximum sentences of up to ten years.  HRS § 706-660(1)(a) (2014 Repl.).  Furthermore, the indictment stated:

> ARWIN ECHINEQUE is subject to sentencing in accordance with Sections 706-662(5) [(2014 Repl.)] and 706-660.2 [(Supp. 2015)] of the Hawaii Revised Statutes, where, in the course of committing felonious assault, he inflicted serious or substantial bodily injury upon Ester Echineque, who was sixty years of age or older, and ARWIN ECHINEQUE knew or reasonably should have known of such disability.

Under HRS § 706-661 (2014 Repl.), the maximum length of imprisonment for a charge of assault in the first degree with an extended term of imprisonment was twenty years.  Echineque was entitled to a jury trial for his assault charge.  See State v. Shak, 51 Haw. 612, 614-16, 466 P.2d 422, 424-25 (1970).

duty to inform the accused of that constitutional right [to a trial by jury]." Friedman, 93 Hawai'i at 68, 996 P.2d at 273 (citing Ibuos, 75 Haw. at 120, 857 P.2d at 577).

"[T]o determine whether a waiver was voluntarily and intelligently undertaken, [an appellate court] will look to the totality of facts and circumstances of each particular case." Friedman, 93 Hawai'i at 68-69, 996 P.2d at 273-74 (quoting State v. Vares, 71 Haw. 617, 621, 801 P.2d 555, 557-58 (1990)). "Although [HRPP Rule 23(a)] indicates the waiver may be given by written or oral consent, the rule does not relieve the court of its obligation to ensure, through an appropriate oral colloquy in court, that the waiver was knowingly, intelligently, and voluntarily given." State v. Gomez-Lobato, 130 Hawai'i 465, 469, 312 P.3d 897, 901 (2013). "In other words, while the defendant may execute a written waiver form, the court should also engage in an oral colloquy with the defendant to establish that the waiver was knowing, intelligent, and voluntary." Id. "Where it appears from the record that a defendant has voluntarily waived a constitutional right to a jury trial, the defendant carries the burden of demonstrating by a preponderance of the evidence that his/her waiver was involuntary." Friedman, 93 Hawai'i at 69, 996 P.2d at 274.

Because Echineque waived his right to trial by jury during a colloquy with the circuit court, Echineque "bears the burden of demonstrating by a preponderance of the evidence that his oral waiver was involuntarily given." Id. at 69, 996 P.2d at 274.

Echinque argues on appeal, "the circuit court's colloquy with Echineque was constitutionally lacking in several respects." Echineque explains,

> [T]he circuit court did not inquire into Echineque's background and experience. No questions were asked as to Echineque's educational or employment background, nor were there any questions asked as to Echineque's experience with the criminal justice system. The record is therefore inadequate and does not allow for a proper "totality of the circumstances" review on appeal.

To support his argument, Echineque cites to Gomez-Lobato for the proposition that a trial court must take into account a defendant's educational or employment background, or experience

with the criminal justice system before determining whether the defendant was capable of knowingly, intelligently, and voluntarily waiving their right to a jury trial.

Gomez-Lobato involved a defendant charged with abuse of a family or household member in violation of HRS § 709-906(1) (Supp. 2015). Gomez-Lobato, 130 Hawai'i at 467, 312 P.3d at 899. The defendant, Gomez-Lobato, was represented by a deputy public defender and assisted by a Spanish interpreter. Id. At Gomez-Lobato's Entry of Plea hearing, the court recessed for Gomez-Lobato to review the waiver of jury trial form with the interpreter, and when the court reconvened, the court asked Gomez-Lobato, with the assistance of the interpreter:

> THE COURT: Good morning, Mr. Gomez Lobato. I have with me a waiver of jury trial form. Are these your initials, and is this your signature on this form?
>
> Gomez-Lobato: Yes.
>
> THE COURT: Prior to placing your initials and signature on this form, did you understand what you were doing and signing?
>
> Gomez-Lobato: Yes.
>
> THE COURT: And was that explained to you in Spanish?
>
> Gomez-Lobato: Yes.
>
> THE COURT: Did you discuss this with your attorney?
>
> Gomez-Lobato: Yes.
>
> THE COURT: Okay. Do you have any questions for me?
>
> Gomez-Lobato: No.
>
> THE COURT: Okay. The Court concludes that the defendant knowingly, voluntarily, intelligently waived his rights to a jury trial.

Id. (brackets omitted). The Hawai'i Supreme Court's decision centered on the "language barrier" between Gomez-Lobato and the trial court, which the supreme court held "should have prompted the [trial] court to ask additional questions to verify that Gomez-Lobato understood the right he was waiving." Id. at 471, 312 P.3d at 903. The supreme court noted that "where a language barrier indicates that a defendant's written waiver executed outside the presence of the judge 'might be less than knowing and intelligent,' the court should take additional steps to ensure the defendant understands the right that he or she is waiving."

6

Id. at 472, 312 P.3d at 904 (internal quotation marks and citation omitted).

Gomez-Lobato instructs trial courts to engage in a lengthier and more detailed colloquy when a defendant is not fluent in English, particularly where there is no evidence in the record as to the defendant's background, experience, and conduct. Gomez-Lobato does not require trial courts to ask all defendants about their educational or employment background, or experience with the criminal justice system, where there is no indication that a defendant's waiver "might be less than knowing and intelligent" due to an apparent language barrier. See Gomez-Lobato, 130 Hawai'i at 471, 312 P.3d at 903 (quoting United States v. Duarte-Higareda, 113 F.3d 1000, 1003 (9th Cir. 1997)).

Echineque argues on appeal that "there could have been a salient fact that may have prevented Echineque from knowingly, intelligently, and voluntarily waiving his right to a jury trial." However, Hawai'i appellate courts have eschewed a "rigid pattern of factual determinations" in favor of a totality of circumstances approach in determining whether a waiver was knowing, intelligent, and voluntary. See Friedman, 93 Hawai'i at 69-70, 996 P.2d at 274-75.

Echineque has not pointed to any facts in the record that would suggest his waiver was not voluntary or knowing. See id. at 70, 996 P.2d at 275 ("[The defendant] has failed to direct us to any 'salient fact' bearing upon his ability to understand his jury waiver that would have created the need for an extensive colloquy by the trial court, and, thus, his argument is without merit."). The colloquy between the circuit court and Echineque instead suggests that Echineque's waiver of his constitutional right to a jury trial was knowing, intelligent, and voluntary. The record also shows that Echineque had extensive experience with the criminal justice system, including two prior felony convictions for first-degree and second-degree assault, five misdemeanor convictions, and five petty misdemeanor convictions, which resulted in his being incarcerated eight times. It also appears that Echineque was involved in at least one prior jury trial. See State v. Echineque, 73 Haw. 100, 828 P.2d 276 (1992).

7

Echineque was forty-eight years old, a United States citizen, a lifetime resident of Hawai'i, and had graduated from high school and attended Honolulu Community College. Under the totality of circumstances, Echineque has not met his burden of demonstrating that his waiver was involuntary. See Friedman, 93 Hawai'i at 70, 996 P.2d at 275.

## IV.    CONCLUSION

Therefore, the Judgment of Conviction and Sentence entered on June 2, 2015 in the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, October 25, 2016.

On the briefs:

James M. Yuda
Deputy Public Defender
for Defendant-Appellant.

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge